Dennis GOMEZ, Petitioner,

v.

## IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–70898.

I & NS No. A34–461–736.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2001.[1]

Decided Feb. 20, 2001.

Before PREGERSON, CANBY, and THOMPSON, Circuit Judges.

## MEMORANDUM [2]

Dennis Gomez, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals dismissing his appeal of the immigration judge's order finding him removable as charged. The IJ determined that Gomez was removable pursuant to INA §§ 237(a)(2)(A)(iii) [3] and 237(a)(2)(C) [4] be-

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

3. INA § 237(a)(2)(A)(iii) provides that "Any alien ... in and admitted to the United States, shall ... be removed if the alien ... is con-

victed of an aggravated felony at any time after admission...."

4. INA § 237(a)(2)(C) provides that "Any alien ... in and admitted to the United States, shall ... be removed if the alien ... is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying ... any weapon, part, or accessory which is a firearm...."

cause of his 1996 convictions for sale of a controlled substance (methamphetamine) and for possessing, manufacturing and selling a dangerous weapon (a .22 caliber Winchester rifle).

INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) provides: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in ... section 237(a)(2)(A)(iii), (B), (C) or (D) [8 U.S.C.A. § 1227(a)(2)(A)(iii), (B), (C), or (D) ]...." [5] We have jurisdiction to determine whether Gomez has committed a deportable offense, but we must dismiss his petition for lack of jurisdiction if we conclude that he has. *Flores–Miramontes v. INS,* 212 F.3d 1133, 1135 (9th Cir.2000). Because we conclude that Gomez committed offenses covered in INA §§ 237(a)(2)(A)(iii) and 237(a)(2)(C), we dismiss his petition for review.

We note that in *Flores–Miramontes,* we held that even though IIRIRA removed our jurisdiction to consider petitions for review on direct appeal, IIRIRA's permanent rules did not repeal the statutory habeas corpus remedy available via 28 U.S.C. § 2241. *Flores–Miramontes,* 212 F.3d at 1136–38. The scope of habeas review under § 2241 extends to both the constitutional and statutory questions. *Id.* Therefore, Gomez may raise his claims in a habeas petition filed with the district court. PETITION DISMISSED.

### ORDER

The mandate in this case shall be held until the Supreme Court decides *St. Cyr v.*

---

**5.** The permanent rules of IIRIRA apply to this case because the INS initiated removal proceedings against Appel after April 1, 1997. *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir. 1997).

*INS,* 229 F.3d 406 (2d Cir.2000), *cert. granted,* 531 U.S. 1107, 121 S.Ct. 848, 148 L.Ed.2d 733 (2001); *Calcano–Martinez v. INS,* 232 F.3d 328 (2d Cir.2000), *cert. granted,* 531 U.S. 1108, 121 S.Ct. 849, 148 L.Ed.2d 733 (2001).